Filed 8/24/20  P. v. Gray CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G058895 |
| v. | (Super. Ct. No. RIF127539) |
| LEWIS GRAY IV, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Riverside County, John D. Molloy, Judge.  Affirmed.

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

In 2011, a jury convicted appellant Lewis Gray IV on four counts, as follows: first degree murder (Penal Code, § 187, subd. (a); count 1)[1]; conspiracy to commit murder (§ 182, subd. (a); count 2); attempted voluntary manslaughter, as a lesser included offense of premeditated attempted murder, (§§ 664; 187, subd. (a); count 3); and malicious discharge of a firearm at an inhabited dwelling. (§ 246; count 4.)

On all counts, the jury found Gray committed his crimes to benefit a criminal street gang (§ 186.22, subd. (b)). On count 1, the jury additionally found two special circumstances true: Gray already had been convicted for a different murder and committed the murder in this case as an active gang participant (§ 190.2, subds. (a)(2) & (22).) On counts 1 and 2, the jury found Gray committed his crimes as a principal and as a principal he discharged a firearm causing great bodily injury to benefit a gang. (§ 12022.53, subds. (d) & (e).) On count 4, the jury found Gray personally used a firearm. (§§ 667; 1192.7, subd. (c)(8).) In an unpublished opinion, this court reversed the gang participant special circumstance for count 1 and ordered the correction of two errors in the abstract of judgment, but affirmed the judgment in all other respects. (*People v. Gray* (Dec. 10, 2014, as modified Jan. 7, 2015, G049823) [nonpub. opn.].)

In 2019, Gray filed a petition to vacate his convictions under section 1170.95, alleging he was convicted "pursuant to the felony murder rule or the natural and probable consequences doctrine." The prosecutor moved to dismiss, asserting no felony murder or natural and probable consequence instructions were given at trial. The prosecutor also asserted that on count 1, the jury had been instructed through CALCRIM No. 702 to find as true a special circumstance for a prior murder conviction to be true only if it concluded Gray had either actually killed or acted with intent to kill in the underlying shooting. Gray's counsel did not disagree with the assertions and the court dismissed Gray's petition.

---

[1] All further undesignated statutory references are to the Penal Code.

Gray appealed, and his appointed appellate counsel filed a brief under the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). Gray has not filed a supplemental brief. Because our review of the record discloses no arguable issue, we affirm the postjudgment order denying Gray's section 1170.95 petition.

I

FACTS AND PROCEDURAL HISTORY

We discussed in detail the underlying facts in our earlier opinion. In 2002, Gray and a group of men went uninvited to a home birthday party, seeking revenge for an earlier altercation with someone attending the party. Gray and others from the group opened fire into the home's garage where bystander 13-year-old D.L. was struck in the head by a bullet and died. Gray also shot into a second story bedroom window where another individual, K.R., had observed Gray.

As noted, in addition to convicting Gray for the first degree murder of D.L., the jury found two special circumstances true: Gray had intentionally killed D.L. as a gang participant (§ 190.2, subd. (a)(22)) and previously been convicted for a different murder. (§ 190.2, subd. (a)(2).) In our earlier opinion, we struck the gang special circumstance based on instructional error but affirmed the prior murder conviction special circumstance. (*People v. Gray* (Dec. 10, 2014, as modified Jan. 7, 2015, G049823) [nonpub. opn.].) As noted, we also corrected two clerical errors in the judgment abstract but affirmed the judgment in all other respects, including Gray's principal sentence term of life without the possibility of parole for his murder conviction.

Following the Legislature's enactment of Senate Bill No. 1437 (Sen. Bill No. 1437), Gray filed a petition in the trial court for resentencing under section 1170.95. The court received briefing from both Gray's counsel and the District Attorney's office. As noted, the court dismissed Gray's petition following the prosecutor's representations about the jury instructions given and not given at trial.

3

After Gray appealed the denial of his section 1170.95 petition, his appointed appellate counsel filed a brief raising no issue, but asking this court to independently review the appellate record. As noted, Gray has not filed a supplemental brief.

II

DISCUSSION

Following the *Wende* guidelines, we have reviewed counsel's brief and the entire appellate record. Per *Anders*, *supra*, 386 U.S. 738, counsel's brief suggests four potential legal issues to assist the court in its review: (1) "[w]hether the lack of jury instructions on any theory of murder abrogated by Senate Bill 1437 rendered [Gray] ineligible for relief under section 1170.95"; (2) "[w]hether the intent to kill element of the section 190.2, subdivision (a)(2), . . . special circumstance renders [Gray] ineligible for section 1170.95 relief"; (3) [w]hether the guilty verdict on conspiracy to murder was a finding of intent to kill rendering [Gray] ineligible for relief under section 1170.95; (4) "[w]hether [Gray] has a claim for relief under the change in the law of 'kill zones' as to count 3 (attempted voluntary manslaughter as [a lesser included offense] of attempted murder) under *People v. Canizales* (2019) 7 Cal.5th 591 [(*Canizales*)]."

The Legislature enacted Sen. Bill No. 1437 to "'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723, quoting Stats. 2018, ch. 1015, § 1, subd. (f).)

The bill created section 1170.95 to allow persons "convicted of felony murder or murder under a natural and probable consequences theory . . . [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts . . . ." (§ 1170.95,

subd. (a).) Among others conditions, a petition should show "[t]he petitioner could not be convicted of first or second degree murder because of changes . . . made . . . [by Sen. Bill No. 1437]." (*Id.*, subd. (a)(3).) The statute also provides in pertinent part: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).)

We do not discern any arguable issue that might cast doubt on the trial court's denial of Gray's section 1170.95 petition. It is clear Gray is not entitled to relief under Sen. Bill No. 1437 because his convictions for counts 1 through 3 were all based on charges that Gray was either the direct perpetrator or directly aided and abetted the murder, and each conviction included jury findings of intent to kill.[2] (See CALCRIM No. 702 [a true finding for prior murder conviction special circumstance under section 190.2, subd. (a)(2), requires a jury to find either the defendant was the actual killer or acted with intent to kill as an accomplice]; § 189, subd. (e)(2) [Sen. Bill No. 1437 did not alter felony murder liability for a defendant who assisted, with an intent to kill, the actual killer]; see *People v. Verdugo* (2020) 44 Cal.App.5th 320 [section 1170.95 petition properly denied where defendant was convicted of conspiracy to commit murder, a specific intent crime], review granted March 18, 2020, S260493.) Sen. Bill No. 1437's benefits are not available to alter Gray's convictions.

No arguable issue is raised by counsel's final potential issue noted above, based on the recent change in the law on "kill zone" jury instructions under *Canizales*, *supra*, 7 Cal.5th 591. Gray's appeal of his dismissed petition does not provide ground for an arguable issue based on *Canizales* because relief under section 1170.95 is not

---

[2]    As noted, Gray's conviction on count 4 was for maliciously discharging a firearm at an inhabited dwelling. The crime does not involve killing a human being and Senate Bill No. 1437 does not apply.

available for Gray's conviction for attempted voluntary manslaughter on count 3, as a lesser included offense of attempted murder. (See *People v. Medrano* (2019) 42 Cal.App.5th 1001, 1018 [section 1170.95 relief does not apply to attempted murder convictions], review granted March 11, 2020, S259948.)

In sum, our review of the entire record, including the potential issues identified by counsel, does not show the existence of an arguable issue. (*Wende*, *supra*, 25 Cal.3d at pp. 442-443.) Consequently, we affirm. (*Id*. at p. 443.)

III

DISPOSITION

The postjudgment order denying Gray's section 1170.95 petition is affirmed.


ARONSON, J.

WE CONCUR:


O'LEARY, P. J.


THOMPSON, J.

6